IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

FERNANDO NUÑEZ JR.,
    Appellant

v

TOM W. WOLF, et al.
    Appellee

APPEAL DOCKET NO. 22-3076
District Court Docket
NO. 3:15-CV-01573

SUMMARY ARGUMENT IN SUPPORT OF APPEAL

1. CONJUGAL VISITS

    The district court erroneously found as fact that Nuñez did not specifically challenge the Appellees' assertion that their policy prohibiting conjugal visits serves a compelling governmental interest in safety, security, and health (Doc. 113, at 10). But that is not true. Nuñez did, in fact, challenge those asserted interest throughout his response brief, (Doc. 111, at 7 and 19), and his statement of disputed material facts. (Doc. 110, at ¶¶ 20-21, 27, 29-32, 38-40, and ¶ 42).

    When the district court ruled on the Appellees' motion for summary judgment, the court made a factual and legal determination that resources of staffing, space, time, and security are all compelling governmental interest. (Doc. 113, at 10-12). The problem with that finding is Appellees' never relied upon "resources of staffing" as a compelling governmental interest to justify placing a substantial burden on Nuñez's religious beliefs for private conjugal visits, in their motion for summary judgment or brief. (Doc. 77 and 78, at 11-12 and 14). The district court therefore erred when sua-sponte raising a compelling governmental interest on behalf of Appellees and relying on it as a basis to grant their summary judgment motion. See, Carter v. Beard, 392 Fed.Appx 82, 84 (3d Cir. 2010)(where district court erred in granting summary judgment on a ground defendants did not raise in their summary judgment motion) and Brobst v. Columbus Servs Int'l, 761 F.2d 148, 154 (3d cir. 1985)(same). As to the Appellees' belated interest in "space and time", Nuñez was effectively prevented from obtaining discovery evidence to challenge those asserted compelling governmental interest, because the district court refused to rule on his discovery objections, following the Magistrate Judge's report and recommendation (R&R) challenging the sufficiency of Appellees' responses to his discovery requests

1

which were directly relevant to the Appellees' asserted interest in "space" and "time" for private conjugal visits. (Doc. 95, at 7 and Doc. 75, at 7). To be clear, this is not a case where the district court did not know there were outstanding discovery disputes prior to ruling or considering defendants motion for summary judgment, or where the Plaintiff did not attempt to request a stay of the summary judgment proceedings in order to obtain relevant outstanding discovery prior to filing a brief opposing summary judgment. Nuñez, did all of that, (Doc. 98, at 5 and Doc. 107 at 5), but the district court still insisted that he file a reply to defendants summary judgment motion without the relevant outstanding discovery. (Doc. 108). Under such circumstances this court has ruled where there are outstanding discovery disputes that where not resolved before entering summary judgment on the merits, the district court would be in error to grant summary judgment in defendants' favor. Hill v. Barnacle 751 Fed. Appx 245, 248-49 (3d Cir. 2018)

As to the Appellees' asserted compelling governmental interest in "security", Nuñez presented evidence into the summary judgment record evidencing that prison staff in Pennsylvania state prisons do introduce contraband into its prisons, but the Appellees' still do not require its prison staff to pass through a full body scanner, similar to inmates, before entering a state prison to mitigate the introduction or smuggling of contraband. See (Doc. 110, at ¶ 41-42) and (Doc. 111, at 10-11). A point of fact the district court partially accepted to Be true, (Doc. 113 at 11), while ignoring other evidence of fact regarding the existence of full body scanners in every state prison. Including where Nuñez is presently confined, (Doc. 111, at 11). Indeed, the district court did not even acknowledge that neither he or his wife have Ever smuggled contraband into any prison or considered to pose a security threat to any prison to such an extent as to allow prison staff to disapprove their contact visits. (Doc. 110, Appendix (1)(Nuñez declaration at ¶ 25 and ¶ 30) and Doc. 111, at 8-9)). Thereby, presenting sufficient evidence to create a genuine dispute of material facts. Giles v. Kearney, 571 F3d 318, 326 (3d cir. 2009)(an inmate's affidavit can create a genuine dispute of fact).

2

Nuñez also presented evidence in the summary judgment record which strongly suggest that the Appellees' visitation policy is substantially under-inclusive in at least two respects. The first being, small children (5 years or younger) are currently allowed to sit on an inmates' lap – throughout a contact visit – with no specified time limit. Yet, Nunez is prohibited from engaging in the smallest form of intimacy with his wife. Like snuggling, holding her hand, wiping away her tears or simply embracing her during their contact visit. (Doc. 111, at 12-13). Surely, drugs and other contraband can be passed from a small visiting child to an inmate, in the same way as any adult visitor. Which is precisely what Major Woodring and the Appellees "speculate" would happen if Nuñez and his wife were to engage in the smallest forms of intimacy described above, during their contact visit. Secondly, Nuñez has also shown that the Appellees' current visiting policy actually do allow visitors to "privately" visit with inmates in a room or cell where they are confined for non-religious reasons, but the Appellees' denied Nunez's religious request to do the same for religious reasons. Thereby, contradicting any suggestion from Major Woodring and Appellees' that the Pennsylvania Administrative Code under 37 Pa. Code § 93.3 (h)(6), prohibit private contact visits because all contact visits must be under "official supervision. (Doc. 111, at 14). Notwithstanding Nunez evidence and arguments, the Appellees' did not file a reply brief to attempt to provide an explanation for the differential treatment noted above and the district court did not address the issue of underinclusiveness in its memorandum. Under such circumstances, the district court should not have ruled that the Appellees' satisfied their statutory burden in proving a compelling governmental interest in security. Especially since both parties presented competing affidavits and evidence interpreting its visiting policy and administrative code. See, <u>Baker v. Sun Life & Health Ins. Co.</u>, 644 Fed.Appx 164, 166 (3d Cir. 2016)(finding grant of summary judgment was improper because the record included competing affidavits and two versions of the policy, and that created a genuine issue of material fact.) Evidence that the prison grants secular exceptions more readily than religious exemptions to a putatively compelling policy can raise the inference that its most compelling interest may actually be discrimination against, or at least indifference to, the religious liberties of incarcerated persons. <u>Yellowbear v. Lampert</u>, 741 F3d 48, 60 (10th Cir. 2014)(Justice Gorsuch)

3

Perhaps more disturbing is the district court's complete failure to acknowledge that the Appellee did not even attempt to consider less restrictive alternatives to accommodate Nunez's religious beliefs. Indeed, plausible alternatives weren't even discussed, much less discounted by the Appellee or the district court. In fact, the Appellee in their supporting brief for summary judgment explicitly argued, "[T]here really is no least restrictive alternative to Plaintiff's request for conjugal visits. The Department cannot safely provide that...". (Doc. 78, at 14). Essentially, the Appellee simply assumed a plausible, less restrictive alternative would be ineffective and the district court appears to have given due deference to the Appellee in that regard, when failing to consider Nunez's evidence of several state prisons policies in other states (i.e., California, New York, and Washington) that have implemented family/conjugal visits despite similar similar concerns argued by the Appellee. (Doc. 113, at 11-12). The district courts ruling in that way was error. RLUIPA, mandates that the government has the burden to prove that its policy is the least restrictive means. 42 U.S.C. § 2000cc-1(a)(2). That standard is exceptionally demanding and requires the government to show that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party, Holt v. Hobbs, 135 S.Ct. 853, 864 (2015), and Courts must hold prisons to their statutory burden, and they must not assume a plausible, less restrictive alternative would be ineffective. Id at 866. But that is what the district court did here; it relieved the Appellee of their statutory burden to show that they actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice. Holt. Even more, the Appellee failed to show, in the face of Nunez's evidence, why other state prisons in other jurisdictions allow family/conjugal private visits with spouses, but Pennsylvania does not. The Supreme Court in Holt has already ruled that such an analysis is relevant to the least restrictive means standard, because it can suggest that A prison can satisfy its concerns through a means less restrictive than denying A prisoner the exemption he seeks. Holt, supra, at 866. The fact that the district court has required Nunez to present evidence that the Appellees' current visiting is not the least restrictive means available - is not the proper standard under RLUIPA. Johnson v. Baker, 23 F.4th 1209, 1218 (9th cir. 2022)

4

## 2. Group Prayer

Nowhere in the Appellee's motion or supporting brief did they assert a compelling governmental interest in prison "safety" to justify denying Nunez's request for group prayer with his visitor. (Doc. 77 and 78). They have argued an interest in "security and scarcity of resources". (Doc. 78, at 16-18). When addressing Nunez proposed alternative to designate a clean prayer area in the public visiting area — away from other visitors (Doc. III, at 23-24), the district court granted judgment in the Appellees favor on an entirely different theory than what they raised in their motion for summary judgment. The district court therefore erred in sua-sponte asserting a compelling governmental interest in "safety" and granting summary judgment in Appellee favor on that erroneous basis. (Doc. 113, at 13-14). Nunez did not present any evidence or argument challenging an interest in "safety" because Appellee never asserted it as a ground or defense to Nunez RLUIPA claim. (Doc. III, at 20-23). Furthermore, Nunez has specifically refuted Appellees' evidence that quietly praying with his visitor while remaining seated cannot serve as a least restrictive means, because such a suggestion violates his religious beliefs and imposes a substantial burden on his religious exercise. (Doc. III, at 21-22). And has furthered suggested that requiring the Appellee to designate a clean area in the visiting room, away from others visitors, will serve as A least restrictive means that is least restrictive. Id at 23. But Neither the Appellee or the district court considered his proposed alternative. Under such circumstances, Nunez has presented evidence that creates a genuine dispute of material facts, that should not have allowed the district court to enter summary judgment in Appellee's favor.

## 3. Circumcision

The district court erred in granting Appellee summary judgment, on a finding that a mere $3,500 would create a public expense of taxpayer money. That finding is not sufficient under RLUIPA, because it is not consistent with, 42 U.S.C. § 2000cc-3(i), or the Supreme Court decision in Holt, supra, at 860 (RLUIPA may require a government to incur expenses to avoid imposing a substantial burden on religious exercise).

## 4. Applying Wrong Standard For Reconsideration

Prior to entering summary judgment in favor of Appellee, Nunez had filed his objections to the Magistrate's R&R, who failed to apply the correct standard for reconsideration of an interlocutory order (Doc. 97, at 2) and the district court never ruled on the outstanding objection to correct A judicial mistake. Warranting reversal.

5

IN THE UNITED STATES COURT OF APPEALS FOR
THE THIRD CIRCUIT

| | |
|---|---|
| FERNANDO NUÑEZ, JR.<br>Appellant. | APPEAL DOCKET NO. 22-3076 |
| v. | District Court Docket No.<br>(3:15-CV-01573) |
| Tom W. Wolf, et al.<br>Appellee | |

## PROOF OF CERTIFICATE OF SERVICE

The undersigned, hereby certify to have served A copy of the foregoing, "Appellant Argument In Support of Appeal", upon the person(s) listed below via pre-paid, First Class Mail.

Abby N. Trovinger, Esq.
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050

Office of The Clerk
United States Court of Appeals
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Date: January 4, 2023

By: Fernando Nuñez
Fernando Nuñez Jr.
#FM8959
SCI Mahanoy
301 Grey Line Drive
Frackville, PA 17931

INMATE MAIL
PA DEPT OF
CORRECTIONS



quadient
FIRST-CLASS MAIL
IMI
$001.44
01/06/2023 ZIP 17932
043M31230995
US POSTAGE



e of The Clerk
states Court of Appeals
o U.S. Courthouse
o1 Market Street
delphia, PA 19106

Fernando Nuñez Jr.
#FM 8959
SCI Mahanoy
301 Grey Line Drive
Frackville, PA 17931


RECEIVED
JAN 0 9 2023
U.S.C.A. 3rd. CIR

Offic
United
2140
6
Phila