

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8196
EPELLEGRINI@SIDLEY.COM

February 17, 2023

Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    *Fernando Nuñez, Jr. v. Tom W. Wolf, et al.* (No. 22-3076)

Dear Ms. Dodszuweit:

    I am writing on behalf of Appellant Fernando Nuñez, Jr., to respectfully request that the Court or the clerk refer this case to a merits panel for briefing.

    Mr. Nuñez, proceeding *pro se* in the district court, brought claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq.*, alleging that prison officials substantially burdened the exercise of his religion by refusing to allow him to consummate his marriage, refusing to allow him group prayer, and refusing his request for circumcision. Dist. Ct. Op. at 1. The district court granted summary judgment and entered judgment in favor of defendants, and Mr. Nuñez timely filed his notice of appeal. Doc. 1. In December 2022, Mr. Nuñez then moved to proceed *in forma pauperis* and for the appointment of counsel. *See* Doc. 8. Not long after, this Court granted Mr. Nuñez's motion to proceed *in forma pauperis* and referred his motion for appointment of counsel to a panel of this Court. *See* Doc. 10-1. The Court's order also *sua sponte* submitted this case "to a panel of this court" to determine "whether summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 is appropriate." Doc. 10-1.

    Third Circuit Rule 27.4 provides that "[t]he court or the clerk may at any time refer a motion for summary action to a merits panel and direct that briefs be filed." Third Circuit L.A.R. 27.4; *see* Third Circuit I.O.P. 10.6. Mr. Nuñez is now represented pro bono by undersigned counsel who, with support from a three-student team from the Yale Law School's Free Exercise Clinic, intend to submit full briefing to this Court on the substantial issues in this case. Sidley Austin and Yale clinic students have now worked together for several years and have prepared briefs in significant RLUIPA cases. *See, e.g.*, *Mast v. Fillmore Cnty*, 594 U.S. ____ (2021) (sole *amicus curiae* brief in RLUIPA case where the Court vacated and remanded for further consideration); *see id.* (Alito, J.) ("The lower court plainly misinterpreted and

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

misapplied the [RLUIPA]."); *Johnson v. Baker*, 23 F.4th 1209 (9th Cir. 2022) (sole *amicus curiae* brief in RLUIPA case). This case thus presents a team of law students with the unique opportunity to work directly with experienced counsel to build their legal research, writing, and advocacy skills by helping to prepare the briefing in this case. For that reason, the Court should refer this case to a merits panel.

In addition, this case presents substantial questions and thus is not appropriate for summary action. Third Circuit L.A.R. 27.4; *see Deshields v. Smith*, 176 F. App'x 340, 342 (3d Cir. 2006) (explaining that this Court may take summary action "if it appears that no substantial question is presented or that subsequent precedent or change in circumstances warrants such action"). Among other issues, Mr. Nuñez intends to raise the fact that the district court relied heavily on *Washington v. Klem*, 497 F.3d 272 (3d Cir. 2007), in rejecting Mr. Nuñez's RLUIPA claims and holding that the compelling interest standard is "deferential" to defendants' generic claims of prison safety, including that visiting room areas are the "main avenue" for introducing contraband into state prisons. Dist. Ct. Op. at 11. However, the Supreme Court's decision in *Holt v. Hobbs*, 574 U.S. 352 (2015) made clear that RLUIPA's "exceptionally demanding" least-restrictive-means standard "does not permit such unquestioning deference." *Id.* at 364. The district court's near-singular reliance on the outdated analysis in *Washington* presents substantial questions on which this Court would benefit from the parties' full briefing.

For all these reasons, Mr. Nuñez respectfully requests that the Court or the clerk refer this case to a merits panel for briefing.[1]

---

[1] The Court's order also provided that the panel would determine under 28 U.S.C. § 1915(e)(2) "whether the appeal will be dismissed as legally frivolous." Doc. 10-1. But Section 1915(e)(2) "is limited to *in forma pauperis* plaintiffs." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 & n.10 (3d Cir. 2002); *see Robins v. Wetzel*, 2022 WL 4533850, at *1, n.1 (3d Cir. Sept. 28, 2022) (per curiam) ("[Section] 1915(e) applies only to prisoners proceeding in forma pauperis."). Because Mr. Nuñez is now represented by counsel who will be paying on his behalf all fees and costs associated with this case, he will no longer be proceeding *in forma pauperis* and his appeal should thus not be evaluated under Section 1915(e)(2). In any event, for the reasons explained, this appeal is not legally frivolous.

# SIDLEY

Page 3

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ *Ellen Crisham Pellegrini* |
| Nicholas R. Reaves | Gordon D. Todd* |
| YALE LAW SCHOOL | Ellen Crisham Pellegrini* |
| FREE EXERCISE CLINIC | Cody L. Reaves* |
| 1919 Pennsylvania Ave. N.W. | SIDLEY AUSTIN LLP |
| Suite 400 | 1501 K Street, N.W. |
| Washington, D.C. 20006 | Washington, D.C. 20005 |
| Tel.: (202) 955-0095 | Tel.: (202) 736-8000 |
| nicholas.reaves@yale.edu | Fax: (202) 736-8711 |
|  | epellegrini@sidley.com |
|  |  |
|  | Aaron J. King† |
|  | SIDLEY AUSTIN LLP |
|  | 1000 Louisiana Street, Suite 5900 |
|  | Houston, TX 77002 |
|  | Tel: (713) 495-4500 |
|  | aaron.king@sidley.com |
|  |  |
|  | * application for admission submitted |
|  | † *pro hac vice* forthcoming |

*Counsel for Fernando Nuñez, Jr.*

cc: Counsel of Record by ECF