

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8196
EPELLEGRINI@SIDLEY.COM

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

Fernando Nuñez, Jr. v. Tom Wolf, et al.

No. 22-3076

(District Court No. 3:15-cv-01573)

**APPELLANTS' SUPPLEMENTAL LETTER BRIEF ADDRESSING COURT INQUIRIES**

      The Department of Corrections' ("DOC'') Supplemental Letter Brief only confirms what was already made clear in the Parties' original briefing and during oral argument before this Court—the DOC has not met its burden under RLUIPA.

      As Mr. Nuñez clearly argued in his brief, the State does not have a compelling interest in denying Mr. Nuñez the ability to engage in congregate prayer with his visitors or to consummate his marriage. In fact, as the DOC's Supplemental Letter Brief concedes, the State already allows numerous exceptions where an officer is not posted inside the room with an inmate and his guests, including during "attorney visits, video visits, deathbed visits, tele-med visits, or court video conferences." Appellee Supp. Letter Brief at 1.

      In its briefing and at oral argument, DOC attempted to claim that space and security concerns prevented it from accommodating Mr. Nuñez's religious exercise. However, it cannot support such a claim when it accommodates secular conduct that implicates the same interests. *See e.g.*, *Holt v. Hobbs*, 574 U.S. 352, 367-68 (2015) *(*"Although the Department's proclaimed objectives are to stop the flow of contraband and to facilitate prisoner identification, '[t]he proffered objectives are not pursued with respect to analogous nonreligious conduct,' which suggests that 'those interests could be achieved by narrower ordinances that burdened religion to a far lesser degree.'"). DOC cannot allow inmates to meet with their lawyers in a private room without a guard, but then argue that there is a compelling interest in preventing Mr. Nuñez from praying with a visitor in that very same room. With regards to secular conduct, the DOC has obviously found less restrictive means than outright prohibition to address any space or security concerns. *See* Appellee Supp. Letter Brief at 1 (*"*From a Department perspective . . . the degree of supervision that is required for each individual inmate guides Department decisions on how to best staff and carry out each visit."). RLUIPA mandates that, at a minimum, DOC do the same to accommodate Mr. Nunez's religious exercise. It has failed to do so.

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

Finally, the DOC's Supplemental Letter Brief concedes that inmates are permitted to engage in congregate prayer in other circumstances, including during weekly worship in the prison chapel, on religious holidays, during religious instruction in classrooms or the chapel, and as part of evening prayer during Ramadan and Hanukkah. Appellee Supp. Letter Brief at 2. The fact that DOC allows groups to engage in congregate prayer in these various circumstances and various venues, further undermines DOC's assertion that it has a compelling interest in denying Mr. Nuñez the ability to engage in congregate prayer with even one visitor.[1]

For these reasons and those set forth in our briefing and oral argument, the District Court's grant of summary judgment should be reversed.

Respectfully submitted,

/s/ *Dino L. LaVerghetta*
Gordon D. Todd
Ellen Crisham Pellegrini
Dino L. LaVerghetta
Cody L. Reaves
Rebecca C. Brooks
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel.: (202) 736-8000
Fax: (202) 736-8711
epellegrini@sidley.com

*Counsel for Fernando Nuñez, Jr.*

cc: Counsel of Record by ECF

---

[1] To the extent that DOC suggests that these other opportunities for prayer somehow undermine Mr. Nunez's RLUIPA claim, such a suggestion is manifestly incorrect. "RLUIPA's 'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . . not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Holt*, 574 U.S. at 361-62. The DOC has not put forth any evidence questioning the religious sincerity of Mr. Nunez's request to pray with his visitors. Thus, the question here is whether the DOC has substantially burdened Mr. Nunez's religious exercise by banning him from engaging in congregate prayer with his visitors—which it has—not whether he can engage in other forms of religious exercise while incarcerated.